**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SHELLEY'S SEPTIC TANK, INC.,**

    **Plaintiff,**

**-vs-**                                                                         **Case No. 6:10-cv-932-Orl-28GJK**

**UNITED STATES FIRE INSURANCE COMPANY,**

    **Defendant/Third-Party Plaintiff,**

**-vs-**

**LINDA PETTIS and MARK PETTIS,**

    **Third-Party Defendants.**

_____

# ORDER

Shelley's Septic Tank, Inc. ("Plaintiff") brings the instant action seeking a declaratory judgment and damages against its liability insurer, United States Fire Insurance Company ("Defendant"). The case is currently before the Court on cross-motions for summary judgment.[1] Having considered the parties' submissions and pertinent law, the Court concludes that Plaintiff's motion must be denied and that Defendant's motion must be

---

[1]The pertinent filings are: Defendant's Dispositive Motion for Summary Judgment (Doc. 39); Plaintiff's Memorandum of Law in Opposition (Doc. 43); Defendant's Reply (Doc. 52); Plaintiff's Dispositive Motion for Summary Judgment or, in the Alternative, for Attorney's Fees (Doc. 63); Defendant's Opposition (Doc. 67); and Plaintiff's Reply (Doc. 68).

granted.

## I. Background

Defendant issued a commercial general liability insurance policy—policy number 5437106784—to Plaintiff covering the period September 10, 2006 to September 10, 2007. The policy provides that Defendant "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies" and that Defendant "will have the right and duty to defend the insured against any 'suit' seeking those damages." (Policy Coverage Form at Page 1 of 15, part of Ex. A to Doc. 39). The policy is an "occurrence" type policy and covered "bodily injury" and "property damage" occurring during the policy period.

On December 1, 2009, Linda and Mark Pettis ("the Pettises") filed a lawsuit ("the state court action") against Plaintiff in state circuit court alleging that on August 21, 2007, Linda Pettis was injured on Plaintiff's premises. (Ex. B to Doc. 39). The Pettises' complaint specifically alleged that Linda Pettis "was an employee of" Plaintiff and that she "was injured while on the job." (Id. ¶¶ 4-5). Plaintiff tendered the Pettises' complaint to Defendant, but on February 5, 2010, Defendant sent Plaintiff a letter advising of its position that Defendant had no obligation to defend or indemnify Plaintiff in the state court action because of a policy exclusion for injuries to employees of the insured.[2] (Ex. C to Doc. 39). On March 26, 2010, Plaintiff's counsel sent Defendant a letter again seeking defense and indemnification,

---

[2]This exclusion—exclusion "e" of the policy—provides in pertinent part: "This insurance does not apply to . . . '[b]odily injury' to . . . [a]n 'employee' of the insured arising out of and in the course of: (a) Employment by the insured; or (b) Performing duties related to the conduct of the insured's business." (Policy Coverage Form at Page 2 of 15).

contesting Defendant's reliance on the employee injury exclusion and noting that Linda Pettis had given a statement to the effect that she was injured while washing her personal vehicle. (Ex. D to Doc. 39).

Defendant continued to decline to defend, and Plaintiff filed this action in state court on May 14, 2010, (Doc. 2). After Defendant removed the case to this Court, Plaintiff filed a two-count Amended Complaint (Doc. 24) on November 24, 2010. In Count I of its Amended Complaint, Plaintiff seeks a declaratory judgment that the claims in the state court action are covered by the policy; that Defendant is obligated to defend and indemnify Plaintiff; and that Defendant is obligated to reimburse Plaintiff for costs and expenses incurred in defending the state court action.[3] In Count II, Plaintiff alleges a claim of breach of contract, asserting that Defendant has breached the policy by refusing to defend or cover the claim and that Plaintiff has been damaged by having to pay for its own defense in the state court action. In both counts, Plaintiff claims entitlement pursuant to section 627.428, Florida Statutes, to an award of attorney's fees incurred by Plaintiff in prosecuting this case.[4]

On May 2, 2011, Defendant filed its motion for summary judgment (Doc. 39)—one of the two motions now before the Court. On July 1, 2011, the Pettises filed an amended

---

[3]Additionally, Defendant has filed a Third-Party Complaint in this case against the Pettises seeking a declaratory judgment as to its obligations to defend and indemnify. (Doc. 25).

[4]This statute provides in relevant part: "Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court . . . shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had." § 627.428(1), Fla. Stat.

complaint in the state court action. (Ex. A to Doc. 55). Unlike the Pettises' initial complaint, the amended complaint does not contain any reference to Linda Pettis being an employee of Plaintiff or being injured "while on the job." (Id.). In mid-July, Defendant settled the state court action with the Pettises in exchange for a full release on behalf of Plaintiff. It is undisputed that Defendant has not reimbursed Plaintiff for attorney's fees incurred by Plaintiff in initially defending the state court action. (Joint Pretrial Statement, Doc. 71, at 7). On August 1, 2011, Plaintiff filed its motion for summary judgment (Doc. 63) in the instant case—the second motion now at issue.

## II. Summary Judgment Standards

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is appropriate 'in declaratory judgment actions seeking a declaration [as to insurance coverage] when the insurer's duty, if any, rests solely on the applicability of the insurance policy, the construction and effect of which is a matter of law.'" TIG Ins. Co. v. Smart Sch., 401 F. Supp. 2d 1334, 1337 (S.D. Fla. 2005) (quoting Northland Cas. Co. v. HBE Corp., 160 F. Supp. 2d 1348, 1358 (M.D. Fla. 2001)).

## III. Discussion

As earlier noted, Defendant's summary judgment motion was filed prior to the Pettises' amended complaint being filed in the state court action and prior to Defendant's settlement of that case on Plaintiff's behalf, whereas Plaintiff's summary judgment motion was filed after both of those events. Although the parties do not dispute the course of events recounted in the Background section of this Order, they do disagree as to the current posture of this case and its appropriate outcome.

Plaintiff takes the position in its summary judgment motion that Defendant's settlement of the state court action operates as a "confession of judgment" and that the claims in Plaintiff's Amended Complaint have been rendered moot except for the matter of Plaintiff's entitlement to attorney's fees under section 627.428, Florida Statutes. In short, Plaintiff argues that the fact that Defendant settled the case with the Pettises after Plaintiff filed this lawsuit entitles Plaintiff to summary judgment because Plaintiff "has essentially prevailed on its complaint." (Doc. 63 at 5). Plaintiff asserts that it is entitled to an order awarding it the attorney's fees it incurred in initially defending the state court action and in bringing this lawsuit against Defendant.

Defendant, on the other hand, contends that the fact that it settled the state court action on Plaintiff's behalf after the filing of the Pettises' amended complaint does not amount to a confession of judgment. Defendant argues that the issue for this Court remains—as it was at the time of the filing of Defendant's summary judgment motion—whether the original complaint in the state court action alleged a claim within the coverage of the policy such that Defendant had a duty to defend.

Confession of Judgment

In support of its assertion that Defendant's settlement of the state court action amounts to a "confession of judgment" in the instant case, Plaintiff cites the decision of the Supreme Court of Florida in Wollard v. Lloyd's & Companies of Lloyd's, 439 So. 2d 217 (Fla. 1983). In that case, an insured sued its insurer after coverage for a claimed loss was denied, and the case was settled on the eve of trial but for the issue of attorney's fees under section 627.428, Florida Statutes. In reinstating an award of fees to the insured that had

been granted by the trial court but reversed by the Third District Court of Appeal, the Supreme Court stated: "When the insurance company has agreed to settle a disputed case, it has, in effect, declined to defend its position in the pending suit. Thus, the payment of the claim is, indeed, the functional equivalent of a confession of judgment or a verdict in favor of the insured." Id. at 218.

However, neither Wollard nor any of the other cases cited by Plaintiff in support of its "confession of judgment" argument involved circumstances like those of the instant case—particularly, an initial denial by a liability insurer of a duty to defend in an underlying suit against the insured followed by the filing of an amended complaint in that suit that contains materially different allegations. Defendant did not "settle a disputed case" in the same sense as in Wollard, where the insured settled the suit brought by its insurer as to coverage of a an apparent first-party claim. Nor can Defendant here be said to have "decline[d] to defend its position" in the case brought against it by its insured as did the Wollard insurer. Instead, this case involves a third-party claim, a duty to defend, and, significantly, an amendment of the underlying complaint.

The fact that Defendant agreed to step in and settle the state court action after the Pettises filed their amended complaint is not appropriately construed as a confession of judgment by Defendant as to the claims brought against it by Plaintiff, which pertain to Defendant's obligations based on the initial complaint filed by the Pettises. Plaintiff is still seeking to recover as damages the attorney's fees it incurred in initially defending the state court action. Thus, while the issue of the duty to indemnify has been rendered moot by Defendant's eventual settlement with the Pettises on Plaintiff's behalf, the issue of

Defendant's initial duty to defend is alive and well. If, as a matter of law, the initial complaint gave rise to a duty to defend, Plaintiff will prevail here and can recover as damages its defense costs in the state court action; if Defendant is correct that it had no duty to defend, Defendant will prevail here. Plaintiff's "confession of judgment" argument, however, is rejected.

Duty to Defend

It is undisputed that Florida law applies in this case. Under Florida law, "[t]he duty to defend must be determined from the allegations in the complaint" in the underlying suit against the insured. Jones v. Fla. Ins. Guar. Ass'n, Inc., 908 So. 2d 435, 443 (Fla. 2005). "'[I]f the allegations in the complaint alleging a claim against the insured either are acts not covered by the policy or are excluded from the policy's coverage, the insurer is not obligated to defend.'" TIG Ins. Co. v. Smart Sch., 401 F. Supp. 2d 1334, 1337 (S.D. Fla. 2005) (quoting Northland Cas. Co. v. HBE Corp., 160 F. Supp. 2d 1348, 1357-58 (M.D. Fla. 2001)).

"'[W]hen the actual facts are inconsistent with the allegations in the complaint, the allegations in the complaint control in determining the insurer's duty to defend.'" Jones, 908 So. 2d at 443 (quoting Baron Oil Co. v. Nationwide Mut. Fire Ins. Co., 470 So. 2d 810, 814 (Fla. 1st DCA 1985)). The issue "'is resolved by examining the allegations of the complaint against the insured, not by the actual facts, nor the insured's version of the facts or the insured's defenses. There is no obligation on an insurer to defend an action against its insured when the pleading in question shows the applicability of a policy exclusion.'" Acceptance Ins. Co. v. Bates, Dunning & Assocs., 858 So. 2d 1068, 1069 (Fla. 3d DCA

2003) (quoting State Farm Fire & Cas. Co. v. Compupay, Inc., 654 So. 2d 944, 945 (Fla. 3d DCA 1995)) (further quotation and citation omitted).

In its response to Defendant's summary judgment motion, Plaintiff did not quarrel with these principles, nor did it argue that the allegations of the Pettises' initial complaint did not give rise to a duty to defend. Instead, Plaintiff pointed out the Pettises' then-pending motion for leave to file an amended complaint and argued that the amended complaint's allegations gave rise to a duty to defend. (See Doc. 43 at 2). Plaintiff then also argued that as to the initial complaint there was "at least an issue of fact" as to whether the Pettises' claims were excluded by the employee liability exclusion, citing facts regarding the incident that were not contained in that complaint. (See id. at 3-5).

The allegations of the Pettises' ultimately-filed amended complaint, however, are not at issue here. Defendant stepped in and settled the case on Plaintiff's behalf after the Pettises filed their amended complaint, and Plaintiff has not brought any claims based on action or inaction by Defendant with regard to that amended complaint. The determinative complaint with regard to the duty to defend issue that remains in this case is the initial complaint filed by the Pettises. That complaint plainly alleged that Linda Pettis "was an employee of [Plaintiff]" and "was injured while on the job," and as pleaded that claim did not trigger a duty to defend because of the employee injury exclusion in the policy.[5] Plaintiff's arguments as to a fact issue impermissibly rely on the purported "actual facts" instead of the

---

[5]This conclusion is not altered by the fact that the initial complaint also referred—in a section titled "Waiver of Workers' Compensation Immunity"—to denial of benefits by Plaintiff's worker's compensation insurer on the basis that the injury or accident did not occur in the course and scope of employment.

-8-

underlying complaint's allegations. Under Florida law, those facts are not germane to the issue.

Plaintiff also suggests that Defendant had a duty to investigate the factual allegations of the Pettises' claims before declining to defend. (See Joint Pretrial Statement at 8). However, Plaintiff has not cited any Florida authority for this point. As discussed above, Florida courts have consistently held that the allegations of the underlying complaint—not the "actual facts"—determine whether there is a duty to defend. Thus, regardless of whatever "actual facts" would have been uncovered by an investigation, the allegations of the complaint would still be the measuring stick for the existence of a duty to defend. Defendant's motion for summary judgment as to its duty to defend is due to be granted.

## IV. Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Dispositive Motion for Summary Judgment (Doc. 39) is **GRANTED**.

2. Plaintiff's Dispositive Motion for Summary Judgment or, in the Alternative, for Attorney's Fees (Doc. 63) is **DENIED**.

3. The Clerk is directed to enter a judgment declaring that United States Fire Insurance Company had no duty to defend Shelley's Septic Tank, Inc., in the state court action styled Linda Pettis and Mark Pettis v. Shelley's Septic Tank, Inc., Case No. 2009-CA-037244-O (9th Jud. Cir. Orange County, Fla.), pursuant to commercial general liability policy number 5437106784 prior to the filing of the amended complaint in that suit; and further providing that Shelley's Septic Tank, Inc., shall take nothing from United States Fire Insurance Company on its claims in this case. Thereafter, the Clerk shall close this file.

**DONE** and **ORDERED** in Orlando, Florida this 7th day of November, 2011.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record